

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXON
ATTORNEY GENERAL

Honorable Max W. Boyer
County Attorney
Ochiltree County
Perryton, Texas

Dear Sir:

Opinion No. 0-6543

Re: Whether tax collector of independent school district is entitled under Article 2791, V.A.T.C.S., to a percentage of penalties and interest collected on delinquent taxes or whether his commission is limited to a percentage on the amount of taxes assessed and collected.

Your request for opinion has been received and carefully considered. We quote from your request as follows:

"I submit to you the following proposition for official opinion.

"Construing Article 2791, Vernon's Annotated Civil Statutes, with reference to compensation of an independent school district assessor and collector, what is meant by the provision, 'whole amount of taxes' in line 7 of said Article?

"An independent school district has asked me to advise them whether or not the tax collector for the district is entitled to a percentage of the penalty and interest collected upon delinquent taxes, or is his compensation confined to the actual amount of taxes assessed and levied?

"I, therefore, desire that you give me your opinion upon this question at your very earliest convenience."

Article 2791, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The district tax assessor and collector shall have the same power and shall perform the same duties with reference to the assessment and

collection of taxes for free school purposes that
are conferred by law upon the city marshal of in-
corporated towns or villages, and he shall receive
such compensation for his services as the board
of trustees may allow, except in cities and towns
provided for, not to exceed four per cent of the
whole amount of taxes received by him. He shall
give bond in double the estimated amount of taxes
coming annually into his hands, payable to and to
be approved by the president of the board, con-
ditioned for the faithful discharge of his duties
and that he will pay over to the treasurer of the
board all funds coming into his hands by virtue of
his office as such assessor and collector; pro-
vided that in the enforced collection of taxes the
board of trustees shall perform the duties which
devolve in such cases upon the city council of an
incorporated city or town, the president of the
Board of Trustees shall perform the duties which
devolve in such cases upon the mayor of an in-
corporated city or town, and the county attorney
of the county in which the independent school
district is located shall perform the duties which
in such cases devolve upon the city attorney of an
incorporated city or town under the provisions of
law applicable thereto.  It shall be within the dis-
cretion of the board of trustees of an independent
school district to name an assessor of taxes who
shall assess the taxable property within the limits
of the independent school district within the time
and in the manner provided by existing laws, in so
far as they are applicable, and when said assessment
has been equalized by a board of equalization ap-
pointed by the board of trustees for that purpose,
shall prepare the tax rolls of said district and
shall duly sign and certify same to the county tax
collector as provided for in the succeeding article.
The said assessor of taxes shall receive a fee of
two per cent of the whole amount of taxes assessed
by him as shown by the completed certified tax
rolls.  Acts 1905, p. 263; Acts 1923, 2nd C.S. p.
78."  (Underscoring ours)

Article 7336, Vernon's Annotated Texas Civil Statutes,
provides penalties for the non-payment of taxes when due.  This
statute is lengthy and will not be quoted here.

Also, the Legislature has enacted many statutes with
reference to the remission of penalties and interest on delin-
quent taxes.

Hon. Max W. Boyer, page 3          0-6543

The case of Morrison v. Lane, 157 S.W. (2) 466, involved the construction of a contract between a Commissioners' Court and an attorney whereby said attorney agreed to collect delinquent taxes, penalties and interest. After the execution of the contract the Legislature enacted an Article (7336i) releasing penalties and interest. It was contended that said attorney could not be paid his commission from any portion of the taxes collected but could only be paid from penalties and interest collected. The Court construed the contract, and Articles 7264a, 7335, 7335a and 7336i and held that the attorney was entitled to collect his commissions from the taxes as well as from penalty and interest. The Court in this case clearly recognized the differences between and separability of taxes, penalties and interest. We call attention to the following language in the court's opinion, towit:

> "It is our conclusion that the lower court correctly construed the delinquent tax statutes under which the contract in issue was made. Article 7335 authorized a contract 'for a per cent of the taxes, penalty and interest actually collected.' Since the interest and penalty were remitted, only the taxes remained from which appellee could be paid. Again, Article 7335 expressly provided that the payment to appellee should be contingent upon the collection of such taxes, penalty and interest. Appellee has collected taxes in the amount stated above. His contract authorized payment to be made to him from the taxes 'actually collected.' (Note--The above emphasis was made by the court in its opinion.).

Answering your inquiry it is our opinion that the provision "whole amount of taxes" in Article 2791, V.A.T.C.S., referred to by you, only includes taxes and does not include penalty and interest.

It, therefore, follows that a tax collector of an independent school district is not entitled to a percentage of penalties and interest collected upon delinquent taxes. Such tax assessor-collector would be, of course, entitled to collect such percentage as was allowed him, not to exceed 4 per cent of the whole amount of taxes received by him. He is also entitled to a fee of two per cent of the whole amount of taxes assessed by him as shown by the completed certified tax rolls.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: s/Wm. J. Fanning
    Wm. J. Fanning
    Assistant

WJF:BT:wc

APPROVED MAY 3, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman